**Ryan J. Talamante – 015323**
**VAN COTT & TALAMANTE, PLLC**
**3030 North Third Street, Suite 790**
**Phoenix, Arizona 85012**
**(602) 257-9160**
**vct.law@vancotttalamante.com**

*Attorney for Resolute Bank*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah Schick, individually and on behalf of a class of all persons and entities similarly situated, | Case No. 2:19-cv-02218-DLR |
| Plaintiff, | **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** |
| v. | |
| Resolute Bank and John Doe Corporation, d/b/a Reverse Mortgage Savings Center, | |
| Defendants. | |

Defendant Resolute Bank ("Resolute"), by and through undersigned counsel, hereby requests that this Court deny Plaintiff's Motion to Compel Resolute Bank to Gather Records from their Vendor to Avoid the Destruction of Records that Identify Putative Class Members. A Memorandum in Support follows:

**MEMORANDUM IN SUPPORT**

## I.     PROCEDURAL HISTORY

On April 5, 2019, Plaintiff initiated the instant action by filing her Class Action Complaint with this Court. On April 12, 2019, Resolute was served with the Complaint.[1] A Stipulation for Extension of Time to Answer was filed and was ultimately granted by this Court, allowing Resolute to answer or otherwise respond to the Complaint on or before May 31, 2019.

Since Resolute was served with this lawsuit, Plaintiff has expressed concern to counsel for Resolute regarding the preservation of records pursuant to Federal Rule of Civil Procedure 34. Several email messages have been exchanged between counsel on this issue. These conversations culminated with the filing of Plaintiff's Motion to Compel, to which Resolute now responds.

## II.     STATEMENT OF PERTINENT FACTS

Resolute Bank entered into an agreement with its co-Defendant in this matter, John Doe Corporation d/b/a Reverse Mortgage Savings Center (which Resolute has further identified as Five Business Solutions and will refer to as Five Business Solutions or "FBS" throughout this Memorandum), titled Publisher Insertion Order/Contract ("Contract"). A true and accurate unsigned copy of the Contract is attached hereto as **Exhibit "A"**.[2] Pursuant to the Contract, FBS was to generate and deliver reverse mortgage leads to Resolute in exchange for Fifty Dollars ($50.00) per lead. The Contract defines a "lead" as "a double-verified live transferred customer as well as other information provided by a consumer." The Contract does not include any provision that would allow Resolute access

---

[1] To date, Plaintiff has not successfully served Resolute's Co-Defendant, John Doe Corporation d/b/a Reverse Mortgage Savings Center, despite the fact that Resolute has identified John Doe Corporation as Five Business Solutions d/b/a Reverse Mortgage Savings Center pursuant to Plaintiff's request.

[2] An executed copy of the Contract has yet to be located.

VAN COTT & TALAMANTE, PLLC
3030 North Third Street, Suite 790
Phoenix, Arizona 85012 · (602) 257-9160

to FBS's records. The relationship between Resolute and FBS under the Contract ceased prior to the filing of this action.

On May 21, 2019, in an effort to assist Plaintiff in obtaining the documents which she seeks, Resolute sent a letter via email and regular mail to the individual Resolute believes to be the President of FBS requesting "any and all records related to any and all leads Five Business Solutions provided to Resolute Bank" under the Contract. A true and accurate copy of the letter without the referenced enclosures is attached hereto as **Exhibit "B"**.

### III.    LAW AND ARGUMENT

Federal Rule of Civil Procedure 34 states:

"(a)(1) In General. A party may serve on any other party a request within the scope of Rule 26(b):

(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's **possession, custody, or control**:

(A) any designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

(B) any designated tangible things…" (emphasis added).

VAN COTT & TALAMANTE, PLLC
3030 North Third Street, Suite 790
Phoenix, Arizona 85012 :: (602) 257-9160

3

Resolute recognizes that federal courts have interpreted the phrase "possession, custody, or control" to encompass not just actual possession, but the legal right to obtain the records at issue. *See Tomlinson v. El Paso Corp et al.*, 245 F.R.D. 474, 476 (D.Colo. 2007), (noting that "[c]ourts have universally held that documents are deemed to be within the possession, custody or control if the party has actual possession, custody or control or has the legal right to obtain the documents on demand"), citing *Starlight International v. Herlihy*, 186 F.R.D. 626, 635 (D.Kan. 1999). *See also Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D.Minn. 2000), (stating that Rule 34 requires production if the party has practical ability to obtain the documents from another, irrespective of the party's legal entitlement to the documents), citing *U.S. v. Skeddle*, 176 F.R.D. 258, 261 n. 5 (N.D. Ohio 1997). The burden, however, of proving a party has such "possession, custody, or control" lies with the party seeking production of the documents. *See U.S. v. International Union of Petroleum and Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) (noting that "[t]he party seeking production of the documents [] bears the burden of proving that the opposing party has such control"), citing, *Norman v. Young*, 422 F.2d 470, 472-73 (10th Cir. 1970).

Here, Resolute has been put on notice to preserve any records dealing with this particular vendor, FBS, as the records may be relevant to this lawsuit, and Resolute has put forth the necessary efforts to preserve those records within its possession and custody. The records at issue in Plaintiff's Motion to Compel, however, are not within the actual possession or custody of Resolute. Therefore, the pertinent issue is whether the records in the possession of Five Business Solutions are under Resolute's "control" under Rule 34.

"Control" under Rule 34 may be established by the existence of a principal-agent relationship or a legal right pursuant to a contractual provision. *Rosie D. v. Romney*, 256 F. Supp. 2d 115, 119 (D.Mass. 2003). As stated earlier, Resolute does not have a legal right to control FBS's records pursuant to a contractual provision. The Contract is extremely minimal and does not contain any provision addressing the access of records by either party

VAN COTT & TALAMANTE, PLLC
3030 North Third Street, Suite 790
Phoenix, Arizona 85012 : (602) 257-9160

to the Contract.[3] Further, Resolute there is no principal-agent relationship between Resolute and FBS.

An example where control was established by the existence of a principal-agent relationship can be found in *McKesson Corp. v. Islamic Republic of Iran*, 185 F.R.D. 70 (D.D.C. 1999). In *McKesson*, the plaintiff, an American company, invested in an Iranian dairy company and sued the Iranian government alleging that it had expropriated the company's equity interest in the dairy. *Id.* The plaintiff moved for an order to compel defendant's cooperation with plaintiff's request to inspect the dairy company's facilities, equipment and machinery for purposes of valuation. *Id.* The defendant argued that it could not comply with plaintiff's inspection request because it lacked control over the dairy company. *Id.* at 77. The court disagreed and found a principal-agent relationship between Iran and the dairy company, finding that Iran had sufficient control over the dairy company, based on the ability of Iran's valuation expert witness to visit the dairy company's facilities. *Id.* at 78.

The case at hand is wholly different than the *McKesson* case. Unlike in *McKesson*, Resolute has *zero* control over FBS. Resolute does not have access to FBS's records and has no basis to demand FBS act in any manner. Resolute and FBS have completely ceased to operate under the Contract. As such, there is no basis for a principal-agent relationship between Resolute and FBS.

Another case worth noting is *Tomlinson v. El Paso Corp, supra*. In *Tomlinson*, pension plan participants brought suit against their employer alleging violations of the Employee Retirement Income Security Act ("ERISA") and the Age Discrimination in Employment Act ("ADEA"). *Tomlinson* at 474. The plaintiffs moved to compel the defendant to produce certain data and documents in the possession and custody of a third-party vendor. *Id.* Plaintiffs argued that the defendant should have control of the requested data since, pursuant to ERISA, defendants are required to maintain such records. *Id.* at 477.

---

[3] See **Exhibit "A"** attached hereto.

VAN COTT & TALAMANTE, PLLC
3030 North Third Street, Suite 790
Phoenix, Arizona 85012 : (602) 257-9160

The court agreed, finding that the defendant's claim of no control over the information was contradicted by the ERISA statute. *Id.* The court stated, "Defendants cannot delegate their duties to a third party under ERISA. … Consequently, Defendants are in possession, custody or control over the requested data … such that they have, or should have the authority and ability to obtain the requested data." *Id.*

The *Tomlinson* case is significant because it stands for the premise that an entity cannot claim it does not have control over data, documents, etc. which it is required to have control over by statute. ERISA contains such a requirement; the Telephone Consumer Protection Act ("TCPA") does not. Here, like in *Tomlinson*, a third-party vendor has possession and custody over the relevant records. Resolute, however, does not have control over the requested records and is not required by statute to have control over the requested records.

At the conclusion of her Motion to Compel, Plaintiff attempts to support her argument by citing to an unwritten order issued by the district court judge in *Dickson v. Direct Energy, Inc., et. al.*, United States District Court for the Northern District of Ohio, Civil Action No. 5:18-cv-00182-GJL and states, "Order Entered May 21, 2018 requiring the Defendant to obtain calling records from their vendor." In *Dickson*, the plaintiff sued Direct Energy, LP and Total Marketing Concepts, LLC for violations of the TCPA. The plaintiff filed a motion to compel Total Marketing Concepts, LLC to gather records from its vendor, a non-party. The court apparently granted the motion. However, the court did not issue a written order, so the court's reasoning behind granting the motion is unknown and inaccessible. It is unclear whether the court deemed the defendant to have "possession, custody, or control" over the third-party vendor's records, and, if so, what that determination was based upon (i.e. contractual provision, principal-agent relationship, etc.).

It is also noteworthy that in *Dickson*, the plaintiff sought records from a non-party entity. In contrast, Plaintiff here is seeking records from Resolute's co-Defendant, FBS. It appears that most, if not all, of the relevant case law under Rule 34 deals with a party being required to obtain records from a non-party. If Plaintiff were to properly execute service

VAN COTT & TALAMANTE, PLLC
3030 North Third Street, Suite 790
Phoenix, Arizona 85012 : (602) 257-9160

6

1  upon FBS, which has not been done to date, it could access FBS's records directly, instead

2  of forcing Resolute to act as the middleman. Further, Plaintiff's request that Resolute obtain

3  records from FBS is unduly burdensome upon Resolute.

4        Plaintiff has failed to establish that Resolute has "possession, custody, or control" of

5  the records she seeks. Resolute does not have actual possession of the records, nor does it

6  have a legal right or practical ability to obtain the records from FBS under a contract

7  provision or a principal-agent relationship.[4] Further, the TCPA does not require Resolute to

8  maintain or have access to the records Plaintiff seeks. Therefore, Plaintiff has not met her

9  burden of demonstrating that Resolute has "possession, custody, or control" over the

10  records held by FBS. Further, even if given the opportunity to amend its Motion or

11  Complaint, Plaintiff will be unable to demonstrate that Resolute has "possession, custody,

12  or control" over such records. Because Resolute does not have "possession, custody, or

13  control" over the requested records, requiring Resolute to obtain the requested records

14  would be unduly burdensome and an Order from this Court that Resolute retrieve all

15  telecommunications records from FBS would be misplaced.

16        **IV.    CONCLUSION**

17        Based on the foregoing, Defendant Resolute Bank hereby requests that this Court

18  deny Plaintiff's Motion to Compel Resolute Bank to Gather Records from their Vendor to

19  Avoid the Destruction of Records that Identify Putative Class Members.

20

21

22

23

24

25

26

27  _____

28  [4] Despite all of this, Resolute has acted in good faith and requested the relevant records from FBS.

VAN COTT & TALAMANTE, PLLC
3030 North Third Street, Suite 790
Phoenix, Arizona 85012 : (602) 257-9160

1    **RESPECTFULLY SUBMITTED** this 28th day of May, 2019.

2                          **VAN COTT & TALAMANTE, PLLC**

3

4

5    By:   */s/ Ryan J. Talamante*

6                      Ryan J. Talamante
                       3030 North Third Street, Suite 790
7                      Phoenix, Arizona 85012

8                      Attorney for Defendant Resolute Bank

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

3          I hereby certify that on May 28, 2019, I electronically filed the attached document

4     with the U.S. District Court Clerk's Office using the CM/ECF System for filing and

      transmittal of a Notice of Electronic Filing to all known CM/ECF registrants.

5
          **THIS** 28th day of May, 2019.
6

7

8                                          By:  _/s/ Danielle Avery_

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VAN COTT & TALAMANTE, PLLC
3030 North Third Street, Suite 790
Phoenix, Arizona 85012 :: (602) 257-9160

9