Gregory P. Gillis (SBN 011214)
Evan F. Hiller (SBN 028214)
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone:  480.425.2600

Attorneys for Defendant FDIC as Receiver for Resolute Bank

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah Schick, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>FDIC as Receiver for Resolute Bank and John Doe Corporation d/b/a Reverse Mortgage Savings Center,<br><br>        Defendant.<br>_____<br><br>FDIC as Receiver for Resolute Bank,<br><br>        Cross-Claimant,<br><br>v.<br><br>Five Business Solutions,<br><br>        Cross-Defendant. | No.  CV-19-02218-PHX-DLR<br><br>**MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION** |

The Federal Deposit Insurance Corporation, as Receiver of Resolute Bank ("FDIC-R Resolute"), by its attorney, Gregory P. Gillis of Sacks Tierney P.A., pursuant to Rules 12(b)(1) and (6) Federal Rules of Civil Procedures, respectfully requests this Court to dismiss with prejudice Plaintiff's Complaint for lack of subject matter jurisdiction.  In support of its Motion, the FDIC-R Resolute states:

**BACKGROUND FACTS**

1.     On or about April 5, 2019, the Plaintiff, Deborah Schick ("Schick") filed her

2707343.v2

Class Action Complaint ("Complaint") against Resolute Bank alleging claims of violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.      On May 3, 2019 Resolute Bank filed an Answer and Cross-Claim against Five Business Solutions.

3.      On October 25, 2019, the Office of the Comptroller of the Currency ("OCC") closed Resolute Bank, placed its assets into receivership, and appointed the Federal Deposit Insurance Corporation as its Receiver. The FDIC accepted the appointment as Receiver for Resolute Bank ("FDIC-R Resolute") pursuant to Section 1821(c)(3)(A) of the Financial Institutions, Reform, Recovery and Enforcement Act of 1989 ("FIRREA").  12 U.S.C. § 1821(c)(3)(A).

4.      On December 4, 2019 the Court issued an order granting the FDIC-R Resolute's Motion to Substitute Counsel and on December 12, 2019 the Court issued an order granting the FDIC-R Resolute's Motion to substitute the FDIC-R Resolute as the defendant in place of the failed financial institution.

5.      Pursuant to statute, the FDIC-R Resolute set January 29, 2020 as the last day for creditors to file administrative claims with the FDIC-R Resolute. ("Claims Bar Date"). 12 U.S.C. § 1821(3)(B); Declaration of Donald G. Grieser in Support of FDIC-R Resolute's Motion to Dismiss Complaint ("Grieser Declaration" ¶) attached hereto as Ex A. A Notice to Creditors and Depositors of Resolute Bank, Maumee, Ohio, prepared by the FDIC-R Resolute was published by The Toledo Blade Co., Toledo, Ohio, in *The Blade* newspaper on October 31, 2019, December 4, 2019 and January 2, 2020 notifying the general public that Resolute Bank was closed by the OCC, the FDIC was appointed its receiver, and all creditors having claims against the failed institution must submit their claims, with proof thereof, to the FDIC-R Resolute on or before January 29, 2020.  (Grieser Decl. ¶ 6 and Ex. 1)

6.      On November 1, 2019, FDIC-R Resolute mailed Schick, care of her attorney in this case, a Notice to Discovered Claimant to Present Proof of Claim together with filing instructions and a form Proof of Claim to be completed and returned to the FDIC-R

2707343.v2

Resolute along with documentary proof of any amount requested by Schick to be paid to her by FDIC-R Resolute. (Grieser Decl. ¶ 7 and Ex. 2)

7. According to the FDIC-R Resolute's records, Schick did not file an administrative claim with the FDIC-R Resolute prior to the Claims Bar Date or at any time thereafter. (Grieser Decl. ¶ 9).

8. The FDIC-R Resolute now moves for dismissal of Plaintiff's Complaint based on Schick's failure to comply with the mandatory receivership administrative claims process by failing to file a claim with the FDIC-R Resolute. Consequently, Schick is now statutorily barred from asserting any claims in any forum against the FDIC-R Resolute. 12 U.S.C. § 1821(d)(6)(B)(ii).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Schick Was Required To Exhaust The Administrative Claims Process Mandated By FIRREA As A Prerequisite To Continuing This Lawsuit.

As an important part of the comprehensive scheme for winding up failed financial institutions such as Resolute Bank, FIRREA establishes a mandatory administrative review process ("Administrative Claims Process"), i.e., standardized procedures that creditors of failed depository institutions are required to follow in seeking recovery from a receivership estate for pre-closing claims against the failed institution and post- closing claims against the receiver or the receiver's assets. These procedures for the orderly and efficient processing of claims are set forth in Sections 1821(d) of FIRREA at 12 U.S.C. § 1821(d)(3)-(13). In order to assert or continue a claim against the assets of a failed institution like Resolute Bank, a claimant must first comply with this Administrative Claims Process. 12 U.S.C. § 1821(d)(6)(B) This procedure applies without regard to whether a lawsuit seeking to enforce a claim was initiated prior to the appointment of the Receiver. See *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1151 (1st Cir. 1992).

The 9th Circuit has recently said FIRREA was enacted:

> "in an effort to prevent the collapse of the [savings and loan] industry in the late 1980s." *Rundgren*, 760 F.3d at 1060 (internal quotation marks omitted). "[T]o enable the federal government to respond swiftly and effectively to the

3

declining financial condition of the nation's banks and savings institutions," FIRREA granted "the FDIC, as receiver, broad powers to determine claims asserted against failed banks." *Henderson v. Bank of New Eng.* 986 D. 31d, 320(9th Cir. 1993).

To that end, FIRREA "provides detailed procedures to allow the FDIC to consider certain claims against the receivership estate" *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1211 (9th Cir. 2012). "The comprehensive claims process allows the FDIC to ensure the assets of a failed institution are distributed fairly and promptly among those with valid claims against the institution, and to expeditiously wind up the affairs of failed bank without unduly burdening the District Courts." *Rundgren*, 760 F.3d at 1060 (internal citations omitted)

*Shaw v. Bank of Am. Corp.*, 946 F.3d 533, 533 (9th Cir. 2019).

The FIRREA Administrative Claims Process requires that all claims against a failed financial institution be submitted to the FDIC, as receiver, by the Claims Bar Date. The Claims Bar Date is the deadline by which anyone with a claim against a failed bank must present such claims, and proof therefor, to the FDIC-R Resolute for initial review. 12 U.S.C. § 1821(d)(3)(B), (5)(C).

Once a claim is received, the FDIC-R Resolute then has 180 days within which to either allow or disallow the claim. 12 U.S.C. § 1821(d)(5)(A). If the FDIC-R Resolute disallows the claim as not proven to the satisfaction of the Receiver, or refuses to respond within the 180-day period, a claimant is then given 60 days to seek additional judicial review in federal district court. 12 U.S.C. § 1821(d)(6)(A). The FDIC as Receiver may consider claims filed after the claims bar date only if: (1) the claimant declares and provides proof that he/she did not receive notice of the appointment of the receiver in time to file a claim by the Claims Bar Date, and (2) the claim is filed in time to permit payment of the claim. 12 U.S.C. § 1821(d)(5)(C)(ii). Unless the FDIC as Receiver grants a late-filed claim exception, claims filed after the claims bar date "shall be disallowed and such disallowance shall be final." 12 U.S.C. § 1821(d)(5)(C)(i). In this instance, Schick never filed a proof of claim with the FDIC-R Resolute's Receivership estate.

**B.     Letters and Published Notices to Plaintiff About the Receivership Claims Process and Administrative Claim Submission Deadline.**

When liquidating a failed financial institution's assets, the FDIC, acting as Receiver,

4

2707343.v2

mails notice and description of the Administrative Claims Process and the Claims Bar Date to any creditor shown on the failed institution's books. 12 U.S.C. § 1821(d)(3)(C).  The FDIC, acting as Receiver, also publishes once in each of three successive months a notice of the claims process and the Claims Bar Date deadline by which the claim must be presented to the Receiver in one or more newspapers of wide circulation in the geographic area where the failed institution's branches are located.  12 U.S.C. § 1821(d)(3)(B).

**FDIC-R Resolute Published Notices To All Creditors**

In this case, a "Notice to Creditors and Depositors of Resolute Bank, Maumee, Ohio" was published in *The Blade* by The Toledo Blade Co., Toledo, Ohio, on October 31, 2019, December 4, 2019 and January 2, 2020.  The notice explained the Administrative Claims Process, the procedure for submitting a claim to the FDIC-R Resolute, and specified a Claims Bar Date of January 29, 2020 as the deadline to submit a claim. *See* Grieser Decl. ¶ 6 and Ex. 1, Notice to Creditors and Depositors of Resolute Bank, Maumee, Ohio.

**FDIC-R Resolute Sent Notice Directly to Schick**

In addition to the published notices, the FDIC-R Resolute mailed notice to Schick, care of her attorney:

On November 1, 2019, the FDIC-R Resolute sent a Notice To Discovered Claimant to Present Proof of Claim addressed to Schick in care of Anthony Paronich, Esq., her attorney in this case.  This second notice again advised Schick of the January 29, 2020 Claims Bar Date deadline for Schick to submit a Proof of Claim, explained the claims process and the procedure for submitting a completed claim to the FDIC-R Resolute. *See* Grieser Declaration ¶ 7 and Ex. 2.

These notices apprised Schick that if she failed to submit a claim to the FDIC-R Resolute on or before the Claims Bar Date, in accordance with Section 1821(d)(5)(C)(i), her claim would be disallowed, and the disallowance would be final.

**The Complaint Must Be Dismissed Because Schick Can No Longer Litigate/Lost Her Right to Litigate Her Claims After She Failed To Exhaust The Mandatory Administrative Claims Process.**

5

A plaintiff always bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The court presumes a lack of subject matter jurisdiction until the plaintiff proves otherwise. *Id.* Unless a plaintiff establishes that the court has subject matter jurisdiction, upon motion, the court must dismiss the plaintiff's complaint. *Id.*

A motion challenging a court's subject matter jurisdiction can be either "facial" and confined to the allegations of the complaint, or "factual" and requiring the court to look beyond the underlying complaint. See *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1040 n. 2 (9th Cir. 2003); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The moving party can rely on affidavits or any other evidence presented to the court to challenge the substance of a complaint's jurisdictional allegations despite their formal sufficiency. See *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); accord *Savage*, 343 F.3d at 1040 n. 2; *Ass'n of Am. Med. Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

Once the moving party presents evidence in support of dismissing the complaint, it becomes necessary for the party opposing the motion to "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Association of American Medical Colleges*, 217 F.3d at 778; *St. Clair*, 880 F.2d at 201; accord *Savage*, 343 F.3d at 1040 n. 2; see also *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, if the opposing party fails to meet this burden, the action must be dismissed for lack of subject matter jurisdiction. See *Kokkonen*, 511 U.S. at 377; *St. Clair*, 880 F.2d at 201.

FIRREA, establishes an Administrative Claims Process which all persons asserting claims against a receiver or receivership estate or its predecessor failed bank must first exhaust before they may commence or continue litigation on those claims. 12 U.S.C. Section 1821(d)(3)-(13). *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207 (9th Cir. 2012); *McCarthy v. F.D.I.C.*, 348 F.3d 1075, 1081 (9th Cir. 2003).

Unless a plaintiff exhausts the Administrative Claims Process, no court has subject matter jurisdiction over the plaintiff's claims. 12 U.S.C. §1821(d)(13)(D); Henderson *v. Bank of New England*, 986 F.2d 319 (9th Cir. 1993); *Intercontinental Travel Mktg., Inc. v. F.D.I.C.*, 45 F.3d 1278 (9th Cir. 1994); *McCarthy*, supra; *Benson*, supra; *MTB Enterprises, Inc.*, supra. The jurisdictional bar "extends to all claims and actions against, and actions seeking a determination of rights with respect to, the assets of failed financial institutions for which the FDIC serves as receiver "and to all claims arising both prior to and after the appointment of the FDIC as receiver. *McCarthy, supra*. Moreover, the lack of subject matter jurisdiction resulting from a claimant's failure to exhaust the Administrative Claims Process cannot be waived and may be raised at any time. *Intercontinental Travel Marketing, Inc.*, supra at 1286; see also Fed. R. Civ. P. 12(h)(3).

As a result of Schick's failure to comply with the Administrative Claims Process, this Court no longer has subject matter jurisdiction over Schick's Complaint against the FDIC-R Resolute. 12 U.S.C. §1821(d)(13)(D); Henderson*, supra; Intercontinental Travel Mktg. Inc., supra; McCarthy, supra; Benson, supra; MTB Enterprises, Inc., supra.*

The administrative exhaustion requirement applies to all types of claims, including claims for non-monetary, equitable, or declaratory relief. *Henderson v. Bank of New England*, 986 F.2d 319, 321 (9th Cir. 1993) ), *cert. denied*, 114 S. Ct. 559 (1993), *rehearing denied*, 114 S. Ct. 905 (1994) (claims for monetary consideration and the right to discover derogatory credit information all barred, as FIRREA "bars judicial review of any non-exhausted claim, monetary or nonmonetary, which is 'susceptible of resolution through the claims procedure'" (citation omitted)). *F.D.I.C. v. Scott*, 125 F.3d 254, 259–61 (5th Cir. 1997) (finding itself "powerless to waive a congressionally-imposed exhaustion requirement," the court ordered dismissal of counterclaim for indemnification by former bank officer for lack of subject matter jurisdiction).

The plaintiffs in *Freeman v. F.D.I.C.*, 56 F.3d 1394, 1401–02 (D.C. Cir. 1995), asserted wrongful foreclosure and conversion claims. The Court held that borrowers' actions for rescission of their underlying loan agreement with the failed financial institution

7

and compensatory damages for conversion, wrongful foreclosure, and breach of contract were all barred by their failure to exhaust the administrative review process. See also, *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. City Sav., F.S.B.*, 28 F.3d 376, 389 (3d Cir. 1994), *as amended* (Aug. 29, 1994) [bar of § 1821(d)(13)(D) "includes actions by debtors as well as creditors"); *Lloyd v. F.D.I.C.*, 22 F.3d 335, 337 (1st Cir.1994) (suit by debtor seeking equitable reformation or cancellation of mortgage agreement is a "determination of rights with respect to [ ] the assets of a[ ] failed financial institution," subject to the jurisdictional bar].

Here, Schick is seeking compensatory relief in the form of monetary damages for an alleged violation of the Telephone Consumer Protection Act of 1991. *Complaint* and prayer ¶ 3.  Both Schick's claim and her damages fall squarely within the broad definition of claims that must first be exhausted through the Administrative Claims Process before she can litigate those claims before this Court.

**Failure to Exhaust FIRREA's Administrative Claims Process Deprives the Court of Jurisdiction to Hear and Decide Schick's Claims against FDIC-R Resolute.**

FIRREA defines the Administrative Claims Process as a mandatory prerequisite to any judicial adjudication of a claim against the receivership of a failed financial institution:

Limitation on judicial review.  Except as otherwise provided in this subsection, no court shall have jurisdiction over —

> (i)   any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
>
> (ii)  any claim relating to any act or omission of such institution or the [FDIC] as receiver.

**12 U.S.C. 1821(d)(13)(D).**

"The Ninth Circuit has interpreted this provision to be a jurisdictional exhaustion requirement. *E.G., Benson,* 673 F3d at 1211-12". *Shaw v. Bank of Am. Corp.*, 946 F.3d 533 (9th Cir. 2019).

Courts who have considered the bar of Section 1821(d)(13)(D) have uniformly held

8

2707343.v2

that a claimant must, prior to filing or maintaining a court case, exhaust FIRREA's administrative remedies:

> [E]very court that has addressed the issue has interpreted § 1821(d)(13)(D) "as imposing a statutory exhaustion requirement rather than an absolute bar to jurisdiction." *Home Capital Collateral, Inc. v. F.D.I.C.*, 96 F.3d 760, 763 (5th Cir. 1996); see also *Freeman v. F.D.I.C.*, 56 F.3d 1394, 1400 (D.C. Cir. 1995) ("The effect of these provisions, read together, is to require anyone bringing a claim against or 'seeking a determination of rights with respect to' the assets of a failed bank held by the FDIC as receiver to first exhaust administrative remedies by filing an administrative claim under the FDIC's administrative claims process."); ... *Bueford v. Resolution Tr. Corp.*, 991 F.2d 481, 484 (8th Cir. 1993) ("Every court that has considered the issue has found exhaustion of FIRREA's administrative remedies to be a jurisdictional prerequisite to suit in district court").

In *Maher v. Harris Tr. & Sav. Bank*, 75 F.3d 1182 (7th Cir. 1996), *as modified on clarification* (Feb. 28, 1996), the Seventh Circuit upheld the trial court's denial of plaintiffs' motion to amend their complaint to state a breach of contract claim against the Resolution Trust Corporation:

> The administrative claims process provided by FIRREA requires that an individual who wishes to pursue a claim against a failed institution or its assets, including claims for breach of contract, present that claim to the receiver. 12 U.S.C. § 1821(d)(3)-(5); *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 192 (7th Cir. 1993) . . . Compliance with the FIRREA process is a strict jurisdictional prerequisite to a claim in federal district court against the receiver. Id. Given that plaintiffs took none of the required steps for administrative relief, the district court properly determined that it was without jurisdiction to hear plaintiffs' breach of contract claim.

75 F. 3d 1190-91 (emphasis added).

**II.   THIS COURT MUST DISMISS THE COMPLAINT FOR SCHICK'S FAILURE TO EXHAUST FIRREA'S MANDATORY ADMINISTRATIVE CLAIMS PROCESS WHICH IS AN ABSOLUTE BAR TO HER CONTINUED PROSECUTION OF ALL CLAIMS OF ANY NATURE AGAINST THE FDIC-R RESOLUTE.**

The FDIC-R Resolute urges the Court to follow the uniform body of federal authority and 9th Circuit law interpreting the jurisdictional bar set forth at 12 U.S.C. § 1821(d)(13)(D), all of which mandates compliance by Schick with FIRREA's Administrative Claims Process and proscribes the penalty of case dismissal for failure to do so.

As a result of Schick's failure to exhaust FIRREA's administrative remedies, Schick

9

2707343.v2

has lost her legal right to pursue her claims before this Court and, in addition, this Court now lacks subject matter jurisdiction over all claims which were or which could have been asserted by Schick as against the FDIC-R Resolute.

Since Schick's claims against the FDIC-R Resolute are now statutorily barred, they must be dismissed with prejudice.

WHEREFORE, the Federal Deposit Insurance Corporation, as Receiver of Resolute Bank, respectfully requests the Court to enter an order:

a. dismissing, with prejudice, Plaintiff's Complaint; and

b. granting such other and further relief as the Court deems just and equitable.

DATED this 29th day of April, 2020.

SACKS TIERNEY P.A.

By: s/ Gregory P. Gillis
Gregory P. Gillis
Evan F. Hiller
Attorneys for Defendant FDIC as Receiver for Resolute Bank

2707343.v2


Case 2:19-cv-02218-DLR   Document 51   Filed 04/29/20   Page 11 of 11

# CERTIFICATE OF SERVICE

I hereby certify that on April 29th 2020, I electronically transmitted the foregoing Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction to the clerk's office using the CM/ECF system for filing and transmittal of a notice of electronic filing to the following CM/ECF registrants:

    Anthony Paronich, Esq.
    PARONICH LAW, PC
    350 Lincoln St., Ste. 2400
    Hingham, MA 02043
    Attorneys for Plaintiff

    Trinette G. Kent, Esq.
    KENT LAW OFFICES
    3219 E Camelback Rd., Ste. 588
    Phoenix, AZ 85018
    Attorneys for Plaintiff

By:   s/ Susan Harl

2707343.v2