**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah Schick,<br><br>        Plaintiff,<br><br>v.<br><br>Resolute Bank, et al.,<br><br>        Defendants. | No. CV-19-02218-PHX-DLR<br><br>**ORDER** |

Before the Court is the Federal Deposit Insurance Corporation's ("FDIC") motion to dismiss for lack of subject matter jurisdiction. (Doc. 51.) FDIC asserts that the Court lacks subject matter jurisdiction over Plaintiff's complaint because Plaintiff, after FDIC was appointed as Resolute Bank's receiver, failed to exhaust its administrative remedies under the Financial Institutions, Reform, Recover and Enforcement Act of 1989 ("FIRREA"). Plaintiff has failed to file a response, which the Court may deem as consent to the granting of the motion. LRCiv. 7.2(i). Despite Plaintiff's non-response, the Court proceeded to review the motion on the merits and finds that it is well-taken.

"A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.3d 1221, 1225 (9th Cir. 1989) (citation omitted). Plaintiff bears the burden of establishing jurisdiction. Plaintiff has not met this burden. The Court lacks jurisdiction over claims against a receiver, such as FDIC, unless a plaintiff first exhausts

her FIRREA administrative remedies. 12 U.S.C § 1821(d)(13)(D). FDIC maintains that Plaintiff has not participated in the mandatory administrative claims process and that the January 29, 2020 deadline to do so has passed, resulting in a statutory bar to her claims. Plaintiff makes no argument to the contrary.

**IT IS ORDERED** that FDIC's motion to dismiss (Doc. 51) is **GRANTED**. Plaintiff's complaint is dismissed with prejudice and the Clerk of Court is directed to terminate the case.

Dated this 18th day of June, 2020.

Douglas L. Rayes
United States District Judge